IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT MILLET JR. AND<br>NOLIA M. MILLETT,<br><br>　　　*Plaintiffs*,<br><br>v.<br><br>JP MORGAN CHASE, N.A.,<br><br>　　　*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.  SA-11-CV-1031-XR |

**ORDER**

On this date, the Court considered Defendant's Motion to Dismiss.  (Docket No. 12).  For the reasons stated below, the Court converts Defendant's motion to dismiss to a motion for summary judgment, and orders the parties to come forward with evidence in support of or in opposition to summary judgment by **April 9, 2012.**

**Factual Background**

Plaintiffs allege that on November 30, 2000 they purchased the property commonly known as 1575 Kimberly Dawn, New Braunfels, Texas 78130. *See* Plaintiff's First Amended Complaint at ¶ 3 (Docket No. 15).  They state that the property was originally financed by Franklin American Mortgage Company and that a deed of trust was executed evidencing a mortgage amount of $102,907.  *Id*. at ¶ 4.  The Deed of Trust identifies the lender and beneficiary as Franklin American Mortgage Company ("Franklin Mortgage") and the trustee as Scott R. Valby. *See* Deed of Trust (Docket No. 13, Exh. 1).  The Deed  states that it is a security instrument that secures to the lender the repayment of the debt evidenced by the Note, the payment of all other sums under the deed that

protect the security of the instrument, and the performance of the covenants and agreements detailed in the deed and note. *Id.* The Deed further indicates that in the event the borrower defaults the Lender may demand payment of all sums secured by the instrument and if necessary the Lender or Trustee may "invoke the power of sale and other remedies permitted by applicable law." *Id.* at ¶ 18. The instrument also provides that "the covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower . . . ." *Id.* at ¶ 12.

It is undisputed that on the day the Deed was executed, Franklin Mortgage assigned the Note and Deed of Trust to Chase Manhattan Mortgage Corporation. *See* Plaintiff's First Amended Complaint at ¶ 6. Plaintiffs allege in their Amended Complaint that at "some point, Plaintiff [sic] began to receive correspondence from JP Morgan Chase N.A. stating that they had taken over the mortgage." *Id.* at ¶ 7. Plaintiffs allege that JP Morgan and Chase Manhattan operated as separate legal entities until the two companies merged and became JP Morgan Chase. *Id.* Plaintiffs assert that Chase Manhattan never assigned the Deed of Trust to JP Morgan Chase, and that as a result it cannot prove that it is the holder or owner of Plaintiffs' Note and as such does not have the right to collect payments or foreclose. *Id.* at ¶¶ 8-9.

**Procedural background**

On October 27, 2011, Plaintiffs filed their Original Petition in the 207th Judicial District Court for Bexar County, Texas. Defendant removed the case to this Court on December 2, 2011. (Docket No. 1). Plaintiffs filed a Motion for Leave to file their First Amended Complaint on December 27, 2011 (docket no. 8), which was subsequently docketed by the Court on March 1, 2012 (docket no. 15). In their First Amended Complaint, Plaintiffs assert that Defendant lacks the authority to foreclose on their property. *See* Plaintiff's Original Petition (Docket No. 1, Exh. 1).

Specifically, Plaintiffs claim that (1) Defendant has not demonstrated that it is a successor in interest to the beneficiary under the original Note and Deed of Trust and (2) that Defendant cannot prove that it is the holder or owner of Plaintiffs' Note such that Defendant would have the right to collect payments or to foreclose. *Id.* at ¶¶ 6-11. Defendant filed a Motion to Dismiss on January 13, 2012 (docket no. 12), and Plaintiffs filed their Response on January 24, 2012 (docket no. 13).

## Analysis

Plaintiffs raise a number of theories of recovery in their First Amended Complaint, all of which are premised on the same basic factual question: whether Defendant is a mortgagee or mortgage servicer with the power to foreclose on Plaintiffs' property. Specifically, Plaintiffs allege that there is a gap in the chain of title from the original mortgagee to Defendant JP Morgan and that as such, Defendant is not the holder or owner of the Note and does not have the right to foreclose on Plaintiffs' property.

Defendant moved to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, arguing that under Texas law "it is not a prerequisite to foreclosure to show that [the mortgagee] is the holder or owner of the Note or Deed of Trust prior to foreclosure." Def's Motion to Dismiss, at 6 (Docket No. 12). Defendant further argues that as a mortgage servicer it need not be the owner or holder of the Note in order to institute a foreclosure action. Defendant therefore argues that Plaintiffs' claims fail as a matter of law. Alternatively, Defendant asks the Court to take judicial notice of a series of documents that it alleges "clearly establish the chain of title from Chase Manhattan Mortgage Corporation to JPMC".[1] Def's Motion

---

[1] While these documents seem to indicate that Defendant is the mortgagee, at other places in the briefing, Defendant alleges that it is the mortgage servicer for Plaintiffs' mortgage. Def's Reply in Support of Motion to Dismiss, at 3 (Docket No. 14). Although it is possible for an entity to be

to Dismiss, at 4 (Docket No. 12). For the reasons explained below, the Court concludes that Defendant's arguments underlying its motion to dismiss are defective and that Defendant is not entitled to dismissal under Rule 12(b)(6). The Court also declines to take judicial notice of Defendant's chain of title documents, and instead converts the motion to dismiss to a motion for summary judgment.

In support of its argument for dismissal, Defendant relies on a line of cases rejecting a legal theory colloquially known as the "show-me-the-note" theory. The theory began circulating in the last decade with supporters arguing "that only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure." *Wells v. BAC Home Loans Serv.*, L.P., No. W-10-CA-00350, 2011 U.S. Dist. LEXIS 61529, at *5 (W.D. Tex. Apr. 26, 2011). The rationale advanced was that judicial enforcement of a promissory note requires the enforcing party to prove possession of the original note, and as such a mortgagee in a non-judicial foreclosure action should be required to do the same.

Courts in this district and elsewhere have roundly rejected the theory. *See Wells v. BAC Home Loans Serv., L.P.*, No. W-10-CA-00350, 2011 U.S. Dist. LEXIS 61529, at *5 (W.D. Tex. Apr. 26, 2011).[2] Citing first principles, these courts have concluded that "Texas law differentiates

---

both the mortgagee and the mortgage servicer for a mortgage, it is unclear whether the Defendant in this case is the mortgagee, the mortgage servicer, or both.

[2]*See also Defranceschi v. Wells Fargo Bank, N.A.*, No. 4:10-CV-455-Y, 2011 U.S. Dist. LEXIS 98084, at *13-14 (N.D. Tex. Aug. 31, 2011); *Ray v. Citimortgage, Inc.*, No. A-11-CA-441-SS, 2011 U.S. Dist. LEXIS 87568, at *7-8 (W.D. Tex. July 24, 2011); *Stein v. Chase Home Fin., LLC*, Civ. No. 99-1995, 2010 U.S. Dist. LEXIS 121131, at *9-10 (D. Minn. Aug. 13, 2010); *Sundell-Bahrd v. Tiffany & Bosco, P.A.*, No. CV 10-8096-PCT-MHM, 2010 U.S. Dist. LEXIS 70346, at *4 (D. Ariz. June 24, 2010);.

between enforcement of a promissory note and foreclosure."[3] *Ray v. Citimortgage, Inc.*, No. A-11-CA-441-SS, 2011 U.S. Dist. LEXIS 87568, at *7-8 (W.D. Tex. July 24, 2011). "Foreclosure enforces the deed of trust, not the underlying note . . . [and] is an independent action against the collateral and may be conducted without judicial supervision." *Id*. at *8. In contrast, enforcement of the note is a personal action and requires a judicial proceeding. *Id*.

"Thus, the right to recover a personal judgment for a debt secured by a lien on land and the right to have a foreclosure of lien are *severable*." *Claud v. Gray*, 125 Tex. 219, 221 (1935) (emphasis added); *see also Aguero v. Ramirez*, 70 S.W.3d 372, 375 (Tex. App.—Corpus Christi 2002, pet. denied) ( "Where there is a debt secured by a note, which is, in turn, secured by a lien, the lien and the note constitute separate obligations."). Accordingly, a mortgagee may elect its remedy in the event of a borrower's default– it may either seek a personal judgment against the borrower without foreclosing the lien or it may foreclose the lien and subsequently resolve with the borrower any difference in the foreclosure sale amount and the amount due on the note. *Id*.

In cases where a note holder seeks a judgment against the borrower, the holder must typically demonstrate that it is the holder of the note by producing the original wet-ink instrument.[4] Requiring the note holder to prove possession of the *original* note prevents multiple entities from

---

[3] "Generally, a mortgage loan consists of a promissory note and security instrument, usually a mortgage or a deed of trust, which secures payment on the note by giving the lender the ability to foreclose on the property." *McCarthy v. Bank of Am., NA*, No. 4:11-CV-356-A, 2011 U.S. Dist. LEXIS 147685, at *12 (N.D. Tex. Dec. 22, 2011) (quoting *Bellistri v. Ocwen Loan Servicing*, LLC, 284 S.W.3d 619, 623 (Mo. 2009)).

[4] "A holder is defined as 'a person who is in possession of a document of title or an instrument or a security drawn, issued, or indorsed to him or to his order or to bearer or in the blank." *Jernigan v. Bank One, Texas N.A.*, 803 S.W.2d 774, 775-76 (Tex. App.— Houston 1991, no writ.).

attempting to collect on it.[5] *See Resolution Trust Corp. v. Camp*, 965 F.2d 25, 29-30 (5th Cir. 1992) ("We would not hesitate to reverse summary judgment had Appellants pointed to evidence in the record to the effect that they had a legitimate fear that the RTC was not the owner and holder of the note in question and that some other entity might later approach them demanding payment.").

In contrast, courts have held that the Texas Property Code does not require a mortgagee in a non-judicial foreclosure action to produce the original promissory note as a prerequisite to foreclosure. *See Wells., L.P.*, No. W-10-CA-00350, 2011 U.S. Dist. LEXIS 61529, at *5. Court have noted that Section 51.002 of the Code, which lays out the steps that must be taken in order to foreclose on property, does not include a provision requiring a mortgagee to produce the original promissory note.[6] Moreover, the Property Code further provides that a "mortgage servicer may administer the foreclosure of property under Section 51.002 on behalf of a mortgagee if:

1) the mortgage servicer and the mortgagee have entered into an agreement granting the current mortgage servicer authority to service the mortgage; and

---

[5] As explained by another court in this district:

> The rationale for the strict requirement of possession is to protect the obligor from being subject to multiple demands for payment on a single note. Without procedural safeguards, multiple parties could force the debtor to pay the note. If the original note is a prerequisite for enforcement, however, then a later party faces a significant hurdle before it may enforce the note . . . While the courts do not always require possession, the scenarios where they depart from the general rule relate to an alternative form of possession.

*Norwood v. Chase Home Finance LLC*, No. A-09-CA-940-JRN, 2011 U.S. Dist. LEXIS 5147, at *11-12 (citations omitted).

[6] A mortgagee is defined as the "grantee, beneficiary, owner, or holder of a security instrument," a "book entry system," or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." TEX. PROP. CODE § 51.0001. It is therefore possible for the mortgagee to not possess the note itself. *See Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 U.S. Dist. LEXIS 87567, at *9 (W.D. Tex. July 25, 2011).

>  (2) the notices required under Section 51.002(b) disclose that the mortgage servicer is representing the mortgagee under a servicing agreement with the mortgagee and the name of the mortgagee and:
>
>   (A) the address of the mortgagee; or
>
>   (B) the address of the mortgage servicer, if there is an agreement granting a mortgage servicer the authority to service the mortgage.

*Id*. § 51.0025.[7]  Thus, courts have uniformly concluded that Texas's non-judicial foreclosure procedures do not require a mortgagee or mortgage servicer to produce the original promissory note.

Defendant argues that because it need not produce the original promissory note in a non-judicial foreclosure, it follows that it need not demonstrate that it is the owner or holder of the note or deed of trust or authorized to act on behalf of the owner or holder.  However, "inherent in the procedural steps outlined in the Texas Property Code is the assumption that whatever entity qualifies as a 'mortgagee' either owns the note or is serving as an agent for the owner or holder of the note; and, the statute assumes that when a foreclosure is conducted by someone other than the owner or holder of the note, the person conducting the foreclosure will be acting as agent or nominee for the owner or holder." *McCarthy*, No. 4:11-CV-356-A, 2011 U.S. Dist. LEXIS 147685, at *10-11.

 In the present case, the central issue is whether Defendant has the power to foreclose on Plaintiff's property either as the mortgagee or the mortgage servicer.  This is not an issue of law, but a question of fact. *See Henry v. Chase Home Fin. LLC*, Civil Action No. H-11-0668, 2011 U.S. Dist. LEXIS 139871, at *10-13 (S.D. Tex. Dec. 6, 2011) (denying a motion to dismiss where the plaintiff alleged that the defendant was not the mortgagee or mortgage servicer of plaintiff's property because

---

[7]A mortgage servicer is "the last person to whom the mortgagor has been instructed by the current mortgagee to send payment for the debt secured by a security instrument." TEX. PROP. CODE § 51.0001.

that issue "is a factual—and not a conclusory—allegation").  The Court acknowledges that Defendant submitted documents as part of its Motion to Dismiss that allegedly demonstrate that it is a successor in interest to the original Note and Deed of Trust; however, the appropriate procedural mechanism for addressing this issue is summary judgment.  Accordingly, the Court converts Defendant's motion to dismiss to a motion for summary judgment.  *See Guiles v. Tarrant County Bail Bond Bd.*, No. 11-10643, 2012 U.S. App. LEXIS 284, at *3-5 (5th Cir. Jan. 5, 2012).

It is ORDERED that the parties shall submit all evidence in support of or in opposition to summary judgment by April 9, 2012.  In addition, the parties are ORDERED to provide the Court with supplemental briefing explaining whether Defendant's chain of title documents result in Defendant becoming the owner and holder of the Note and Deed of Trust.[8]

SIGNED this 26th day of March, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[8] Plaintiffs appear to argue that the merger between Chase Manhattan and JP Morgan was insufficient to transfer Plaintiffs' Note and Deed of Trust to Defendant.  Plaintiffs assert that the Note had to be formally assigned to Defendant and recorded.  Plaintiffs provide no legal authority to support their position.